Price, J.
In the progress of the trial certain evidence in behalf of the state was objected to as incompetent, and included in this class is the record or minutes of the city council of the city of Mt. Vernon, purporting to show the results of an elec *58 tion held in said city under the provisions of section 4364-20& and section 4364-20c, Revised' Statutes, commonly known as the Beal local option law. The .ground of exception seems to be, that the minutes offered to prove the canvass of the votes, tally-sheets and poll-books, do not show when the election was held, and that such date is important in order to determine whether thirty days had elapsed between the election and the time the offense charged in the indictment had' been committed.
The canvass was made on the eleventh day of March, 1903, as appears by the record of the same, and after Mating the question voted upon, it is said that the vote was taken on the tenth day of March, 1903. An abstract of the vote follows showing the whole number of votes in favor of the sale of intoxicating liquors to have been 877, and the whole number of votes against such sale to have been 1126. There is no uncertainty in the results, and the only defect in the record of the proceeding which counsel points out, is that in the certificate of the mayor and clerk, the year in which the election was held is left blank. The month and day of the month do appear therein, and in the first part of the record of the canvass, the following statement is found: “March 11, 1903. This day the city clerk called to his assistance O. Poppleton, mayor of the city of Mt. Vernon, Ohio, and they proceeded to open, examine and canvass the poll-books and tally-sheets of a special election held in said city on the tenth day of March, 1903, under a law known as the Beal law, etc. •
Taking the entire record of the canvass and the declaration of its results, it is sufficiently clear that the election was held on the tenth of March, 1903.
*59 The indictment was found at the May term of the common pleas court for the year 1903, and it charges in each count that the first day of the continuing offense alleged, was the tenth day of April, 1903, which was thirty days after said election. ■
We think there was no error committed in admitting the record showing the result of the election.
Other questions were raised on the admission of evidence offered by the state, but they are of minor importance, and none of them are of sufficient merit to justify a reversal of the judgment.
We come now to the character of the indictment, and a consideration of the statutes involved in each count.
Evidently the first count is intended to charge a violation of section 4364-205, Revised Statutes, which is a part of the so-called Beal law. That count charges that the accused, Weaver, in said county of Knox and in the municipal corporation of Mt. Vernon, from the tenth day of April, in the year of our Lord one thousand nine hundred and three, until the eleventh day of May, one thousand nine hundred and three, not being then and there a regular druggist, and not being then and there a manufacturer of intoxicating liquors from the raw material, did unlawfully keep a place where intoxicating liquors were then and there sold as a beverage, which keeping of said place for the purpose as aforesaid was then and there prohibited and unlawful, contrary to the statute, etc. Such is the substance of the count.
The second count, and which is fully copied in our statement of the case, is framed under the provisions of section 6942, Revised Statutes, which for *60 bids the keeping of a place where intoxicating liqnors are sold in violation of law. It provides that “a keeper of a place where intoxicating liquors are sold in violation of law shall be fined,” etc. This section had its origin in section 4 of the act of 1854, entitled “An act to provide against the evils resulting from the sale of intoxicating liquors in the state of Ohio.” S. & G. Stat., p. 1431. Its anathema is hurled against keeping a place where intoxicating liquors are sold in violation of law. So also with section 4364-205, Revised Statutes, whereby, after the electors of the village or city by majority vote against the sale' of intoxicating liquors therein, it becomes unlawful, from and after thirty days from the date of such election, “for any person personally or by agent, within the limits of such municipal corporation, to sell, furnish or give away any intoxicating liquors to be used as a beverage, or to keep a place where such intoxicating liquors are kept for sale, given away or furnished, for beverage purposes. ” ■
Therefore in substance and effect each count charges the accused with having, between the dates named, kept a place where intoxicating liquors were sold in violation of law.
Moreover each count charges that the accused unlawfully kept the place where the liquors were sold from the tenth day of April, 1903, until the eleventh day of May, 1903. If he kept but one place during that period, it seems plain that he is twice charged in the indictment with committing the same offense. The evidence establishes, and the state concedes that he kept but one place during the period covered by each count. Even where there is a dispute as to the identity of the two offenses, (if it appears on the *61 surface of the indictment that they are different), the identity of the two may be shown by parol evidence. This, is decided in Bainbridge v. State, 30 Ohio St. 264. It is also held in that case, that proof that the evidence necessary to sustain the second indictment would have been admissible and sufficient to procure a conviction under the first, generally makes a prima facie case which the state may meet with proof that the offenses charged were not the same.
But we are not troubled with the application of this rule in this case, because the undisputed testimony in the case shows that, during the time laid in each count, the accused kept but the one place, and while the offense described in the first count is defined by one section of the statute, and the offense described in the second count is defined also by another section, there was in fact but one offense committed.
If the counts embraced in the indictment before us, had been made the subject of two separate indictments, and Weaver had been either convicted or acquitted on one, could he, when called to trial on the second indictment, plead autre Fois acquit, or autre Fois convictf The charges in legal effect being the same, and the evidence upon which the first case was tried being essential to support the second indictment, undoubtedly the plea would be good. He was once in jeopardy, and in fact was once tried for the same offense.
Under the act of the general assembly passed May 1, 1854, “to provide against the evils resulting from the sale of intoxicating liquors in the state of Ohio,” it was unlawful, (1) for any person or persons by agent or otherwise, to sell in any quantity, *62 intoxicating liquors to be drank in, upon or about tbe premises where sold, etc.; (2) to sell such liquors to minors unless upon written order of parents, etc.; (3) to' sell such liquors to persons intoxicated or who are in the habit of getting intoxicated. See S. & C. Stat., p. 1431.
It seems to have occurred under the operation of that law, that liquors were sold to a party to be drank upon the premises where sold, the party being at the time a minor and intoxicated. The question was raised whether a conviction or acquittal on the charge of selling to be drank upon the premises where sold, would bar a prosecution for selling to a minor, and a prosecution for selling to one intoxicated, all being sales to the same person and but the one transaction.
The question was before the court in Miller & Gibson v. The State, 3 Ohio St., 476-488, where it is held, “if a sale violate all three sections, the offender may be prosecuted under either of them, and his conviction or acquittal will bar a prosecution for the same sale under either of the other two sections.” Why? Because but one purchaser and but one transaction were involved. It is not claimed, nor was it so decided, that a conviction or acquittal under the first, second, or third sections would bar a prosecution under the fourth — keeping’ a place, etc., but the very contrary was held in the case cited. So it seems perfectly clear that the identity of the transaction and the person involved therein was the turning point. So in this case. The criminal transaction described in the first count —keeping the place is the same transaction described in the second count, both as to scope of time alleged, and the character of the offense set out.
*63 Both, sections of the statute alleged to have been violated in this case were in operation when the indictment was found and the accused convicted, and we distinguished this case from Koch v. State, 53 Ohio St., 433, where the conviction under an ordinance was interposed as a bar to a prosecution for an offense against the statute of the state.
After the state- had rested, the time was ripe for Weaver to have asked the state to elect upon which count she relied for conviction; Had this been done, the duty of the court would have been plain. But. no such request was made then or at any time after-wards. At least no such application appears in the record. Has the right of the accused been waived? We think not, because if we are correct in the views-expressed, it became — -not a question of waiver— hut of the authority of the court to inflict two penalties for the same transaction. The verdict of the jury responded to the charge made in each count, and the court sentenced separately under each count.
Under the conceded facts of this case the sentences violate the latter part of section 10 of the constitution of Ohio, which prohibits the twice putting a party in jeopardy for the same offense. The state cannot evade this constitutional guaranty, by including the double charges in the same indictment.
Another observation of the record before us must he made. The sentence under the second count as to fine and commitment, was followed by the judgment — “and it is further considered, adjudged and found by the court, that the place where such intoxicating liquors were sold by defendant in violation of the laws of Ohio, is a common nuisance, and it is hereby decreed and ordered by the court that the defendant shut up and abate the same.”
*64 'As before stated, the second count is under favor of section 6942, Revised Statutes, the part now pertinent being, — “and upon conviction of such keeper, the place where such liquor is sold shall be deemed to be a common nuisance and the-court shall order him to shut up and abate the same, unless he make it appear to the court that he does not then sell liquor therein in violation of law, or gives bond, payable to the state of Ohio, in the sum of one thousand dollars, with sureties to the acceptance of the court, that he will not sell liquor therein in violation of law, and will pay all fines, costs and damages assessed against him for violation of the laws relating to the sale of intoxicating liquors; and the giving away of intoxicating liquor, or other shift or device to evade the provisions of this section shall be deemed and held to be unlawful selling.”
The record does not disclose that Weaver offered to show, that at the time the order of abatement was made, he did not sell liquor at the place in violation of law; but he was entitled to the privilege of giving the bond mentioned in the statute and it does not appear that this privilege was accorded him as a step precedent to the peremptory order abating and shutting up his place as a common nuisance. There are constitutional grounds for this statement. See Miller & Gibson v. State, 3 Ohio St., 477.
In our judgment, the sentences pronounced by the cqurt on the two counts, and the judgment and order of abatement of the premises should be reversed, and they are each and all reversed; and the judgment of the circuit court, affirming said sentences and order of abatement, is also reversed, and following the rule adopted in Carey v. State, 70 Ohio St., 121, this cause is remanded to the court of *65 common pleas for re-sentence, with, instructions that the state elect on which count of the indictment a re-sentence is desired, and if the second count is selected for sentence, that the defendant have opportunity to offer the evidence, or give the bond above referred to.

Judgments reversed.

Shauck, C. J., Crew, Summers, Spear and Davis, JJ., concur.